UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHARON J. NASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-419 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings to Reverse the Commissioner's Decision and Memorandum in Support [Docs. 12 and 13] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 and 15]. Plaintiff Sharon J. Nash ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of Defendant Commissioner.

On February 24, 2004, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, claiming disability as of January 2, 2002 (Tr. 58-60). After her application was denied initially and upon reconsideration, Plaintiff requested a hearing. On December 14, 2006, a hearing was held before an Administrative Law Judge ("ALJ") to review determination of Plaintiff's claim (Tr. 653-69). At the hearing, the ALJ heard testimony from Plaintiff and from Edward Smith, a vocational expert ("VE"). On January 23, 2007, the ALJ found

that Plaintiff was not disabled because she remains capable of performing her past relevant work as a nursing assistant, which is medium level, semi-skilled work (Tr. 14-23). On September 7, 2007, the Appeals Council denied Plaintiff's request for review (Tr. 6-8), and the decision of the ALJ became the final decision of Defendant Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ Findings**

> The ALJ made the following findings:
>
>> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2006.
>>
>> 2. The claimant has not engaged in substantial gainful activity since January 2, 2002, the alleged onset date (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>>
>> 3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD) and shortness of breath secondary to tobacco abuse; exogenous obesity with BMI of 37.4; cervical and lumbar disc disease; bilateral pneumonia September 2006; sleep problems; borderline cardiomegaly; depression; and anxiety (20 C.F.R. 404.1520(c) and 416.920(c)).
>>
>> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>>
>> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform/lift 50 pounds on an "occasional" basis and 25 pounds on a "frequent" basis; and stand, walk, and/or sit about 6 hours each,

during an 8 hour workday. She is precluded from working around environmental irritants such as dust, fumes, and gases. She has moderate pain affecting concentration, but is able to sustain concentration and persistence over extended periods for simple tasks and performance of some detailed tasks with some difficulty; however, she is still able to accomplish.

6. The claimant is capable of performing past relevant work as a nursing assistant, medium level, semi-skilled work. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).

7. The claimant has not been under a "disability" as defined in the Social Security Act from January 2, 2002 through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

(Tr. 16-22).

## II.     Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work, which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied

for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, she is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of

4

Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**IV.     Arguments**

Plaintiff argues on appeal that the ALJ's disability determination is not supported by substantial evidence. Plaintiff contends the ALJ made the following errors: he failed to properly evaluate Plaintiff's subjective complaints of pain in conjunction with the objective medical evidence of record, specifically MRI results and he failed to give the appropriate weight to the opinions of her treating sources, Dr. Chavin and Nurse Practitioner John Pleasant ("NP Pleasant") [Doc. 13 at 4].

The Commissioner contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal and submits that the ALJ correctly concluded that Plaintiff is not disabled since she remains capable of performing her past relevant work as a nursing assistant [Doc. 15].

Plaintiff bears the burden of proving her entitlement to benefits. Boyers v. Sec. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th

Cir. 1971)).

*A.     Improper Rejection of Subjective Complaints of Pain*

Plaintiff first argues that the ALJ failed to consider the effects of her pain from her spinal impairment. Specifically, she argues the ALJ failed to discuss "important objective evidence", including an MRI of the lumbar spine completed in October 2003 and an MRI of the cervical spine discussed in a February 2004 treatment note, in evaluating her subjective complaints of back pain [Doc. 13 at 6].

Plaintiff's claim - that she is unable to work because of the pain allegedly caused by her cervical and lumbar disc disease - is governed by Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847 (6th Cir. 1986); see e.g., Bell v. Barnhart, 148 Fed. Appx. 277, 285-86 (6th Cir. July 20, 2005) ("In [the Sixth] Circuit, complaints of pain are evaluated pursuant to Duncan ..."). Applying 20 C.F.R. § 404.1529, the Duncan panel held that, in evaluating disability claims based on subjective complaints of pain, courts should conduct a two part-inquiry. See 801 F.2d at 853. First, courts should determine "whether there is objective medical evidence of an underlying medical condition." Id. If so, the question becomes "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. Thus, the fact that Plaintiff suffers from cervical and lumbar disc disease which causes back pain, is not the critical factor in this case. The critical question is what are Plaintiff's limitations resulting from her condition.

Plaintiff's cervical and lumbar disc disease are underlying medical conditions that are verified by the record. Plaintiff, fails, however, to explain how the severity of the pain allegedly

6

caused by these conditions is confirmed by the objective medical evidence, thus the second prong of the Duncan analysis is not met. The record shows that in November 2003, the same treatment note which Dr. Chavin references Plaintiff's October 2003 MRI, he further noted that although Plaintiff "has trouble reaching behind her back[,] [she] can reach over her head and across the other shoulder normally. There is no atrophy of the upper extremities. ... no atrophy of the lower extremities, no peripheral edema, deep vein thrombosis, arterial or venous insufficiency." (Tr. 144). Furthermore, Dr. Summers noted in July 2004 that Plaintiff had "a mild decrease in range of motion at her lumbar spine. ... mild decrease in range of motion at her cervical spine. ... negative straight leg raise test and normal reflexes." (Tr. 218). Dr. Summers further reported "[b]ased on these findings, it is reasonable to expect that she will have difficulty with bending, stooping, and lifting greater than 20 [pounds] as well as twisting/turning her head ... [but] should tolerate all other work related activities in this regard." (Id.). In the same vein, "no medical evidence has been presented suggesting that [herniated discs at L4-5 and nerve impingement] can reasonably be expected to produce the alleged disabling pain." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997) (applying Duncan).[1] On the contrary, Dr. Chavin noted on numerous occasions that he questioned Plaintiff's claims of severe pain in light of her medical ailments and the treatment he was providing (Tr. 503) ("This lady has a strong tendency to overrate her pain on the day that it is

---

[1] The Court notes that the MRI results at issue are not part of the medical record. Instead, the Court must rely on Dr. Chavin's November 4, 2003 treatment note referencing an "MRI dated 10-07-03" (Tr. 143) (showing "there to be a large central disk herniation at L4-5 which what appears to be bilateral nerve impingement at this level, especially upon the L-5 never root.") and Dr. Chavin's February 18, 2004 treatment note which states "[t]oday we did discuss in detail the MRI results" (Tr. 161) ("MRI results of the cervical spine, which reveals at C3 and 4 a loss of disc height with posterior bulging, which is causing a mild indentation upon the thecal sac. ... The MRI of the thoracic spine revealed some anterior spurring, but otherwise unremarkable."). However, the results of the MRI are not before the Court for review.

happening"); see also (Tr. 505, 507, 509); c.f. Bynum v. Apfel, 2001 WL 1906274, *7 (W.D. Tenn. Sept. 17, 2001) (finding it significant that "in almost every encounter with Dr. Jeffers, the claimant reports pain, either in his legs, back, or chest. Dr. Katz, in his disability determination, noted the various pains of the claimant and did not refuse these subjective complaints."). Furthermore, Dr. Chavin noted that Plaintiff advised him on multiple occasions that the pain medications he prescribed improved the "quality of her life" and that she has been "significantly more active since coming to the pain center (Tr. 502, 503, 507, 509, 588, 590). Dr. Chavin's records further indicate that Plaintiff's back pain responded positively to steroid injections (Tr. 506, 507, 588) (highlighting that Plaintiff "had a series of 3 epidurals" and she reported that they were "of some help" or that they "all worked well") and a prescribed treatment regimen (Tr. 590) ("discontinued the MS Contin and we will try her on the OxyContin ... should take care of giving her better pain relief as well as helping the Roxicodone to be ruled out on less to control any pain").

 Since the severity of Plaintiff's pain could not be substantiated by the medical evidence alone, the Commissioner was entitled to consider other factors, such as "daily activities and the type and dosage of medication taken." Id, (citing 20 C.F.R. § 404.1529(c)(3)). Although Plaintiff does not challenge the ALJ's consideration of her daily activities in his credibility determination, this Court finds, for consistency purposes, review is warranted. The ALJ first noted that Plaintiff still smokes against her doctor's orders (Tr. 21), which is inconsistent with allegations of severe pain, given her documented pulmonary limitations. See Sias v. Sec'y of Health & Human Servs., 861 F.2d 475, 480 (6th Cir. 1988). Another inconsistency in the record involved Plaintiff's daily activities, which the ALJ found "questionable since she indicates she basically does very little and yet at one point she saw a doctor and stated that she drives her children to school, cares for ill family

8

members, [and] her hobby is swimming" (Tr. 20). Accordingly, this Court finds the ALJ considered all of the objective medical evidence of record as well as Plaintiff's subjective complaints of pain in determining whether Plaintiff's back impairments cause disabling pain. Therefore, this Court finds the ALJ's disability determination is supported by substantial evidence.

### *B.      Treating Physician*

Plaintiff next contends that the ALJ failed to accord the proper weight to the opinion of her treating sources, Dr. Chavin and NP Pleasant. Plaintiff contends both Dr. Chavin and NP Pleasant completed a Medical Opinion Form, which concludes she suffers from moderately severe to severe pain; would experience lapses in communication three or more days per week, and would require seven to ten absences per month from a full-time work schedule (Tr. 357-59). Defendant, in response, argues the ALJ was not convinced the Medical Opinion Form was completed by Dr. Chavin in light of the discrepancies of the signatures on the form, and accordingly, treated it as evidence submitted by NP Pleasant as required by the well-established Social Security regulations (See Tr. 21).

The Court finds the ALJ's determination to treat the Medical Opinion Form as prepared and submitted by NP Pleasant and not by Dr. Chavin is supported by substantial evidence. This Court finds the only legible designation on the form is "John Pleasant, NPL" above the line listed for "Doctor's printed name" with an arrow drawn down to a signature below. Although there is another signature on the "Doctor's Signature" line, no evidence is submitted as to whose signature it is, but for Plaintiff's counsel's contention at the hearing that both Dr. Chavin and NP Pleasant signed off on the form (Tr. 665). The ALJ's contention that he was "not convinced [that both individuals signed off on the form] and finds no concurrence by said physician" is not in error. Thus, this Court

9

finds the ALJ has not erred in treating the form as "other" evidence (Tr. 21).

Since the Commissioner does not acknowledge nurse practitioners as acceptable medical sources and are considered to be "other [non-medical] sources", 20 C.F.R. § 404.1513, their opinions are, therefore, accorded less weight than those of medical doctors. Although the opinion of NP Pleasant was not entitled to treating-source weight, it was entitled to consideration by the ALJ. Nurse practitioners are specifically listed by the Commissioner as "other" sources whose opinions as to the severity of a claimant's impairment and the effect of the impairment on the claimant's ability to work are entitled to consideration by the ALJ. See 20 C.F.R. § 416.913(d). However, the ALJ's opinion shows he considered the evidence provided by NP Pleasant, but discounted it since it was "not supported by objective medical evidence of record" (Tr. 21). The ALJ rejected NP Pleasant's opinion in regard to Plaintiff's ability to concentrate or lapses in memory due to her pain and pain medication because it was inconsistent with Dr. Chavin's numerous treatment notes which state "[claimant] denies any medications causing any over sedation, memory impairment, nausea, vomiting, itching, ... or feeling high or buzzed" (Tr. 159-61, 334, 335, 336, 337). Furthermore, as discussed above, Dr. Chavin did not find Plaintiff's subjective complaints of pain credible, yet NP Pleasant stated Plaintiff's "subjective complaints seem reasonable in view of [my] observations and diagnosis" (Tr. 358). Therefore, the Court rejects Plaintiff's argument that the ALJ failed to give appropriate weight her treating source's Medical Opinion Form since the form was completed by NP Pleasant and thus, not considered a treating source's opinion which is entitled to controlling weight. Furthermore, the record shows the ALJ considered the Medical Opinion Form as "other evidence" as required by the Social Security Regulations and rejected the findings as inconsistent with the overall record as a whole. This Court finds substantial evidence supports

this determination.

## V. Conclusion

In light of the foregoing, the Court finds substantial evidence on the record as a whole supports the ALJ's findings and conclusion that Plaintiff is not disabled and is capable of performing her past relevant work. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Judgment on the Pleadings to Reverse the Commissioner's Decision [Doc. 12] be **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).